IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JAYNE H. KIESEWETTER, | ) |
| | ) |
| Debtor in Possession. | ) |
| ------------------------------------ | ) |
| JAYNE H. KIESEWETTER and | ) |
| WILLIAM B. KIESEWETTER, JR., | ) |
| | ) Civil Action No. 05-1578 |
| Plaintiffs, | ) (Bankruptcy No. 05-38469-JAD) |
| | ) (Adversary No. 05-03171-JAD) |
| v. | ) |
| | ) |
| CONSTANCE K. ELLIOT, PATRICIA J. | ) |
| KIESEWETTER, LINTON A. ELLIOTT, | ) |
| JONATHAN B. ELLIOTT, CHARLES L. | ) |
| ELLIOTT, RONALD L. HICKS, JR., | ) |
| MEYER UNKOVIC & SCOTT LLP, | ) |
| FREDERICK J. FRANCIS, KEVIN F. | ) |
| McKEEGAN, KIM ORLANDO, J. WILLIAM | ) |
| A. KENAWELL, W. REID LOWE, JOEL | ) |
| PFEFFER, THOMAS A. ELLIOTT, JR., | ) |
| and DOUGLAS H. KIESEWETTER, JR., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

The parties are familiar with the history, background, and allegations in this case, therefore they need not be set forth in detail here. For the purpose of the pending motion, we note only that this is an Adversary Proceeding stemming from litigation that was pending before this court over a decade ago. Originally, Constance Elliot, and her sister, Patricia Kiesewetter, as well as other beneficiaries, filed an accounting action against their brother, William Kiesewetter, concerning the handling and administration of their parents' estate (the "Accounting Action"). Shortly after filing

the Accounting Action, the beneficiaries filed a second lawsuit (the "Fraudulent Transfer Action") alleging that their brother, William Kiesewetter, had fraudulently transferred the family assets into his wife, Jayne Kiesewetter's name to protect them from any judgment that the sisters and the other beneficiaries might receive in the Accounting Action.

The Accounting Action and the Fraudulent Transfer Action involved lengthy and complex litigation before this court. Following a two-week trial in 1997, a jury found in the Accounting Action in favor of the sisters and against William Kiesewetter for breach of fiduciary and custodial duties, fraud, unjust enrichment, and punitive damages. In the Fraudulent Transfer Action, the jury again found in favor of the sisters and against William and Jayne Kiesewetter.[1] The Court of Appeals for the Third Circuit has affirmed both the Accounting Action judgment and Fraudulent Transfer Action judgment.

On October 14, 2005, Jayne Kiesewetter filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. Prior to filing her bankruptcy petition, Jayne Kiesewetter and her husband filed several cases in the Court of Common Pleas of Allegheny County, Pennsylvania (collectively, the "State Court Actions"). By order dated September 12, 2005, the Court of Common Pleas consolidated all cases filed by Jayne and William Kiesewetter at case number AR 01-005903.

---

[1] With the judgments and accumulated interest the amount owed is now in the tens of millions of dollars.

Through the State Court Actions, Jayne and William Kiesewetter challenge the validity of and attempt to obtain a set-off against the final judgments entered by this court in the Accounting Action and Fraudulent Transfer Action.[2] Specifically, they claim that the final judgments in the federal court actions, as well as the subsequent execution and/or supplementary proceedings initiated to enforce such judgments, are the result of fraud. In short, plaintiffs contend that defendants relied on false evidence and perjured testimony in the Accounting Action and Fraudulent Transfer Action trials before this court.

In addition, William Kiesewetter brings several breach of contract claims in the State Court Actions. Specifically, he alleges that his sisters each owe him unpaid promissory notes from 1979-1987. Each promissory note at issue is for approximately $3,000, plus interest. On October 28, 2005, the defendants removed the State Court Actions pursuant to 28 U.S.C. §1452(a), which were then docketed as this Adversary Proceeding (No. 05-03171) in the Bankruptcy Court. We withdrew the reference from the Bankruptcy Court.

Pending before the court is defendants' motion for summary judgment. Defendants contend that plaintiffs fail to state claims upon which relief can be granted. Specifically, defendants contend that plaintiffs cannot make a claim for "fraud upon the court." Defendants further argue that plaintiffs' claims for enforcement of promissory

---

[2] In several of the state court actions plaintiffs filed a writ of summons only.

3

notes have already been adjudicated, and rejected, by a jury in the Accounting Action. As such, defendants argue that summary judgment should be granted as to all of plaintiffs' claims.

For the reasons set forth below, defendants' motion for summary judgment will be granted.

I.  STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine.  Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of

4

record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248-49.

II. DISCUSSION

    A. JURISDICTION

We will first address plaintiffs' argument that this court does not have jurisdiction to adjudicate these claims. All of plaintiffs' state court claims stem from previous judgments that defendants obtained against them in this court. After the related claims were properly consolidated in state court, the action was removed to federal court relying on Jayne Kiesewetter's bankruptcy petition as the basis for jurisdiction.

Federal district courts have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 of the Bankruptcy Code, or arising in or related to cases under Title 11. See 28 U.S.C. 1334 (b). An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)(overruled on other grounds).

Jayne Kiesewetter, a plaintiff in this case, is the Debtor in a Chapter 11 case pending before the Bankruptcy Court. In this case, plaintiffs seek to vacate or offset judgments that have been entered against the debtor and her spouse. Plaintiff, the debtor, is jointly and severally liable for at least some of these judgements. The outcome of these claims would impact the size of the bankruptcy estate and are related to debtor's rights and liabilities under Title 11. As such, this court has jurisdiction to adjudicate these claims.

B. <u>PERJURY</u>

Defendants seek summary judgment on plaintiffs' "fraud on the court" claims arguing that plaintiffs have failed to allege any facts that would entitle them to relief. We agree.[3]

Plaintiffs style their cause of action as "fraud on the court"; however, regardless of what label plaintiffs use, the reality is that plaintiffs allege that defendants committed perjury in the two earlier trials. Pennsylvania does not recognize a private civil cause of action for perjury. <u>See</u> <u>Ginsburg v. Halpern</u>, 383 Pa. 178, 180 (1955).

Plaintiffs unblushingly argue that they are not asserting a claim of perjury; however, their complaint and their brief opposing

---

[3] Plaintiffs' response filed in opposition to defendants' motion failed to comply with both Local Rule 56.1 and my standard practice in resolving summary judgment motions, both of which are readily available on the court's website. I could order plaintiffs to resubmit their response with a pleading that complies, however, it is clear that it would not change the outcome and may be putting formality over expediency.

summary judgment reveal otherwise. In their complaint, plaintiffs allege that "the defendants knowingly made numerous false statements to the Court and to the jury..." See Complaint filed at G.D. 005276, p. 8. Plaintiffs reiterate their perjury claim consistently, alleging for example, that "the defendants knowingly perpetuated their frauds on the Court and on Mr. and Mrs. Kiesewetter by repeating and reinforcing their _false_ _statements_ to the United States Court of Appeals for the Third Circuit..." (emphasis added) Id.

Plaintiffs also argue that defendants committed fraud by presenting false evidence. How this differs from a claim of perjury is apparently clearer to plaintiffs than law or logic would allow. In any event, plaintiffs allege that Constance Elliot presented spreadsheets in both the Accounting Action and Fraudulent Transfer Action that she did not prepare. Plaintiffs baldly state that Ms. Elliot was incompetent to prepare spreadsheets, based on their personal assessments of Ms. Elliot's capabilities. Plaintiffs contend that they "reasonably believe," without any reference to any evidence of record, that a third party created these spreadsheets at the request and direction of Ms. Elliot's attorney. Reduced to its essence, plaintiffs complain that Ms. Elliot _lied_ about creating the spreadsheets. As plaintiffs themselves explain, "If this is so [i.e., if Ms. Elliot did not prepare the spreadsheets] then it is readily apparent that [Ms. Elliot's] testimony was _perjured_." See Joint Response of Plaintiffs to

7

Motion for Summary Judgment [document # 14] at p.8. (emphasis added). Plaintiffs' false evidence claims are nothing more than perjury claims.

Pennsylvania law does not recognize a civil cause of action for perjury, see e.g., Morley v. Gory, 814 A.2d 762, 765 (Pa. Super. 2002). Plaintiffs' claims are completely devoid of any legal merit; accordingly, defendants' motion for summary judgment will be granted.

### C. BREACH OF CONTRACT

Plaintiffs' remaining claims are breach of contract claims for promissory notes that Constance Elliot and Patricia Kiesewetter executed in favor of their parents. William Kiesewetter inherited these notes and now seeks to collect on them. Defendants argue that these claims are barred by collateral estoppel because the issue of whether these promissory notes represent a real debt or evidence of an irrevocable gift was actually litigated in the prior Accounting Action.

As a general rule, the doctrine of collateral estoppel, now called issue preclusion, precludes a party from relitigating in subsequent suits issues that have been fully and fairly litigated in an earlier case. See Montana v. United States, 440 U.S. 147 (1979). When an issue of fact or law actually litigated and determined is essential to the judgment, the determination is conclusive in a subsequent claim. See Electro-Miniatures Corp. v. Wendon Co., Inc., 889 F.2d 41 (3d Cir. 1989). Collateral estoppel differs from res

8

judicata[4] in that privity of both parties is not necessary in a second suit involving an issue previously litigated and decided. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329 (1979) (describing distinction between offensive and defensive use of collateral estoppel).

In the prior Accounting Action, plaintiffs asserted as an affirmative defense that the litigation was an attempt by the sisters to avoid paying loans in the form of promissory loans. During the two week trial, the sisters introduced into evidence the promissory notes in question, along with other promissory notes. The sisters testified that their parents used promissory notes as a way of gifting their assets to their children. They further testified that none of the promissory notes, including the ones at issue in plaintiffs' current breach of contract claims, constituted real debts. Plaintiffs contended at trial that the notes were real debts owed by the sisters. As part of the verdict, the jury was asked whether Dr. and Mrs. Kiesewetter placed the assets in dispute in their three children's names as an irrevocable gift to their children. The jury answered "Yes." Therefore, this exact same issue regarding the promissory notes has already been litigated by the parties. A jury found that these promissory notes constituted gifts. This decision is final and the issue cannot be re-litigated.

---

[4] See Scooper Dooper, Inc. v. Kraftco Corp., 494 F.2d 840, 844 (3d Cir. 1974) (discussing elements of collateral estoppel); Jones v. Logue, 615 F. Supp. 442, 444 (W.D. Pa. 1985) (discussing elements of collateral estoppel).

Defendants' motion for summary judgment on the breach of contract claims is granted.

III.   CONCLUSION

This internecine litigation is nothing more than Mr. and Mrs. Kiesewetter's ongoing attempt to avoid the legal consequences of dealing with Mr. Kiesewetter's parents' estate, the assets of which a jury decided years ago were fraudulently purloined to Mr. Kiesewetter's own benefit. The jury decision and related issues have been reviewed and ruled on adversely to plaintiffs by the Court of Appeals for the Third Circuit, not once, but four times.

Defendants' motion for summary judgment is hereby granted. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAYNE H. KIESEWETTER, ) | |
| ) | |
| Debtor in Possession. ) | |
| ------------------------------------) | |
| JAYNE H. KIESEWETTER and ) | |
| WILLIAM B. KIESEWETTER, JR., ) | |
| ) | Civil Action No. 05-1578 |
| Plaintiffs, ) | (Bankruptcy No. 05-38469-JAD) |
| ) | (Adversary No. 05-03171-JAD) |
| v. ) | |
| ) | |
| CONSTANCE K. ELLIOT, PATRICIA J. ) | |
| KIESEWETTER, LINTON A. ELLIOTT, ) | |
| JONATHAN B. ELLIOTT, CHARLES L. ) | |
| ELLIOTT, RONALD L. HICKS, JR., ) | |
| MEYER UNKOVIC & SCOTT LLP, ) | |
| FREDERICK J. FRANCIS, KEVIN F. ) | |
| McKEEGAN, KIM ORLANDO, J. WILLIAM ) | |
| A. KENAWELL, W. REID LOWE, JOEL ) | |
| PFEFFER, THOMAS A. ELLIOTT, JR., ) | |
| and DOUGLAS H. KIESEWETTER, JR., ) | |
| ) | |
| Defendants. ) | |

ORDER

Therefore, this 7th day of December, 2006, IT IS HEREBY ORDERED that DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [document #10] is GRANTED. The Clerk of Court is directed to mark this case as CLOSED.

BY THE COURT:

_____, J.

cc:  The Honorable Jeffery A. Deller

    All Counsel of Record

11